# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| ZAKRI NEMER ABUJHEISHA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:09-CV-561 |
| ) | (Phillips) |
| LYNUEL DENNIS, in her official capacity as ) | |
| Memphis Field Office Director, United States ) | |
| Citizenship and Immigration Services, *et al*., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss for Lack of Jurisdiction [Doc. 10]. On December 15, 2009, Plaintiff filed a Petition for Hearing on Naturalization Application [Doc. 1]. Plaintiff, seeking naturalization as a U.S. citizen, requests that the Court review his naturalization application. [Id.]. Pursuant to 8 U.S.C. § 1447(b), the Court has jurisdiction because the United States Citizenship and Immigration Services ("USCIS") did not decide his naturalization application within 120 days following the initial examination. 8 U.S.C. § 1447(b).

On March 23, 2010–more than three months after the § 1447(b) petition was filed–USCIS denied Plaintiff's naturalization application. [Denial of Plaintiff's Naturalization Application, Doc. 11-1]. On April 27, 2010, Defendants filed a Motion to Dismiss for Lack of Jurisdiction [Doc. 10]. Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, Defendants argue that the Court lacks subject matter jurisdiction. [Id.]. In particular, Defendants argue that Plaintiff's claims are

1

moot because USCIS denied his naturalization application. [Id.].

The following issue is before the Court: once a § 1447(b) petition is filed, and the applicant is not subject to pending removal proceedings under 8 U.S.C. § 1429, does a district court have exclusive jurisdiction over deciding the naturalization application? For the following reasons, Defendants' Motion to Dismiss [Doc. 10] is **DENIED**, whereby USCIS's denial of Plaintiff's naturalization application is **VACATED**. Once Plaintiff filed the § 1447(b) petition, USCIS was divested of jurisdiction to decide the naturalization application.

Furthermore, the Court **REMANDS** this matter to USCIS with appropriate instructions. Under § 1447(b), the Court may either decide the merits of Plaintiff's naturalization application, or remand the matter to USCIS. 8 U.S.C. § 1447(b). In the present case, the Court will **REMAND** this matter to USCIS, under the condition that USCIS adjudicates Plaintiff's naturalization application within sixty days of entry of this Memorandum and Order. If USCIS does not adjudicate Plaintiff's naturalization application within sixty days, Plaintiff may request a status conference. At that time, the Court will reassert jurisdiction.

**I.     BACKGROUND**

Plaintiff, a citizen of Palestine, received Lawful Permanent Resident ("LPR") status on August 19, 2004. [Plaintiff's Complaint, Doc. 1]. Plaintiff is married to Briana Abujheisha, a U.S. citizen. [Id.]. In May 2007, Plaintiff applied to become a U.S. citizen. [Id.]. On September 25, 2008, at the USCIS Memphis Field Office, Plaintiff passed his initial examination. [Id.].

USCIS did not decide Plaintiff's naturalization application within 120 days following the initial examination [Id.]. Pursuant to 8 U.S.C. § 1447(b), Plaintiff filed a petition in federal court on December 15, 2009, seeking review of his naturalization application. [Id.].

On March 23, 2010, USCIS denied Plaintiff's naturalization application. [Denial of Plaintiff's Naturalization Application, Doc. 11-1]. On April 27, 2010, Defendants filed a Motion to Dismiss for Lack of Jurisdiction [Doc. 10]. Defendants argue that because USCIS denied Plaintiff's naturalization application, his claims are now moot. [Id.].

## II. ANALYSIS

### A. Once the § 1447(b) Petition Was Filed, USCIS Lacked Jurisdiction to Deny Plaintiff's Naturalization Application

Under 8 U.S.C. § 1447(b), an applicant seeking U.S. citizenship may file a petition in federal court seeking review of his application, if USCIS does not decide the application within 120 days following the initial examination. 8 U.S.C. § 1447(b). That statute provides the following:

> If there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

Id. Defendants argue that because USCIS denied Plaintiff's naturalization application, the § 1447(b) petition is moot. [Defendants' Motion to Dismiss for Lack of Jurisdiction, Doc. 10]. To decide this issue, the Court must determine whether it has exclusive jurisdiction to decide a naturalization application once a § 1447(b) petition is filed, and the applicant is not subject to removal proceedings under 8 U.S.C. § 1429.[1]

---

[1] The result would be different if Plaintiff were subject to pending removal proceedings under 8 U.S.C. § 1429. See Rahman v. Napolitano, No. 09-3437, 2010 WL 2777271, at *3 (6th Cir. July 13, 2010). In Rahman, the Court of Appeals for the Sixth Circuit held that when an applicant seeking citizenship files a § 1447(b) petition, but that applicant is subject to pending removal proceedings under § 1429, the district court may not determine the merits of the naturalization application or remand the matter to USCIS. Id. This is based upon the "long-standing priority that removal proceedings are to have

3

While the Court of Appeals for the Sixth Circuit has not decided this issue[2], other courts of appeal have held that once a § 1447(b) petition is filed, district courts have exclusive jurisdiction to decide the naturalization application. *See* United States v. Hovespian, 359 F.3d 1144, 1159 (9th Cir. 2004) (en banc); Etape v. Chertoff, 497 F.3d 379, 385, 388 (4th Cir. 2007); Bustamante v. Napolitano, 582 F.3d 403, 405 (2d Cir. 2009). *See also* Al-Maleki v. Holder, 558 F.3d 1200, 1205 n.2 (10th Cir. 2009) (declining to answer the question, but noting the persuasive reasoning of

---

over naturalization proceedings." Id.

[2] In Rahman v. Napolitano, a lawful permanent resident filed a § 1447(b) petition requesting that the district court adjudicate her naturalization application. No. 09-3437, 2010 WL 2777271 (6th Cir. July 13, 2010). The district court dismissed the § 1447(b) petition, and the Court of Appeals affirmed. Id.

In particular, the Court of Appeals dismissed the § 1447(b) petition because district courts may not hear naturalization petitions while deportation proceedings [under 8 U.S.C. § 1429] are pending against the applicant. Id. at *2. As the court stated, "Congress put an end to the race between naturalization and removal in 1950 by adopting a priority provision declaring, in part, that 'no petition for naturalization shall be finally heard by a naturalization court' while deportation proceedings were pending against the applicant." Id. (citing Ajlani v. Chertoff, 545 F.3d 229, 236 (2d Cir. 2008) (quoting Internal Security Act of 1950, Pub. L. No. 81-831, § 27, 64 Stat. 987, 1015, reenacted as INA § 318 (codified at 8 U.S.C. § 1429)).

More precisely, the court stated that "[w]hen removal proceedings are pending, however, the district court may not compel the USCIS to grant the delayed application for naturalization, nor remand to the USCIS to consider the delayed application." Id. at *3. This is based upon the "long-standing priority that removal proceedings are to have over naturalization proceedings." Id. While the district court did not lack subject jurisdiction, it was "precluded from granting relief pursuant to § 1447(b) by either adjudicating the application for naturalization or remanding to the USCIS with instructions that it do so. Accordingly, it was not error to dismiss the plaintiff's § 1447(b) claims without prejudice." Id.

Because the § 1447(b) petition was dismissed, the Rahman court did not have to decide whether a district court has exclusive jurisdiction to decide naturalization applications once a § 1447(b) is filed (and no removal proceedings are pending against the applicant). Id. at *4. As the court noted, the issue of whether "§ 1447(b) grants the district court exclusive or concurrent jurisdiction over the pending application for naturalization–is a matter of first impression in this circuit. . . . We do not reach this question, however, because we find that the district court's authority to examine the USCIS's decision was circumscribed by § 1429." Id. at *4-5 (citations omitted).

In the present case, there are no pending removal proceedings against Plaintiff. Accordingly, the Court must address the issue that the Rahman court did not have to decide.

4

Hovespian and Etape). District courts are also in agreement. *See* Kalla v. Chertoff, No. 1:06-CV-1732-MHS, 2007 WL 415157 (N.D. Ga. Feb. 6, 2007) (holding that § 1447(b) vests exclusive jurisdiction in district courts); Meyersiek v. U.S. Citizenship & Immigration Servs., No. CA 05-398 ML, 2006 WL 1582397 (D.R.I. Jun. 6, 2006) (same); Meraz v. Comfort, No. 05 C 1094, 2006 WL 861859 (N.D. Ill. Mar. 9, 2006) (same); Zaranska v. U.S. Dep't of Homeland Sec., 400 F. Supp. 2d 500 (E.D.N.Y. 2005) (same); Castracani v. Chertoff, 377 F. Supp. 2d 71 (D.D.C. 2005) (same); Elaasar v. Mueller, 522 F. Supp. 932, 936 (N.D. Ohio 2007) (same); Lucaj v. Dedvukaj, No. 09-CV-14716-DT, 2010 WL 3766491 (E.D. Mich. Sept. 21, 2010) (same).

The Court finds the reasoning of Bustamante especially persuasive. 582 F.3d at 404. In Bustamante, the plaintiff, a native of Mexico and lawful permanent resident, filed a naturalization application. Id. An USCIS officer conducted the initial examination in February 2007. Id. However, the USCIS did not decide the naturalization application within 120 days after the initial examination. Id. In July 2007, the plaintiff filed a § 1447(b) petition seeking review of his naturalization application. Id.

In August 2007, USCIS denied the plaintiff's naturalization application. Id. Subsequently, the defendants filed a motion to dismiss, arguing that the § 1447(b) petition was moot because USCIS had denied the naturalization application. Id. at 405. In response, the plaintiff argued that "USCIS's denial of the naturalization application had no legal consequence because the filing of the Section 1447(b) petition divested USCIS of jurisdiction." Id.

The district court granted the defendants' motion, holding that § 1447(b) "does not divest [US]CIS of jurisdiction over a pending naturalization application." Bustamante v. Chertoff, 533 F. Supp. 373, 376 (S.D.N.Y. 2008). In particular, the district court reasoned that "[t]he statutory

5

language does not explicitly vest the district court with *exclusive jurisdiction* . . ." Id. (emphasis added).

When the case was appealed to the Court of Appeals for the Second Circuit, the issue was framed as follows: "[w]hether a properly filed Section 1447(b) petition divests USCIS of jurisdiction over a naturalization application?" 582 F.3d at 406. In other words, does a district court have exclusive jurisdiction or concurrent jurisdiction to decide a naturalization application, once a § 1447(b) petition is filed (and the applicant is not subject to pending removal proceedings)? *See* id.

The court of appeals reversed, holding that district courts have exclusive jurisdiction to decide naturalization applications once a § 1447(b) petition is filed. Id. In particular, the court held that "only the district court has jurisdiction over a naturalization application once an applicant files a proper Section 1447(b) petition." Id. at 405 (citations omitted). In addition, the court reasoned that "[b]ecause USCIS did not have the power to adjudicate the application after Bustamante [the plaintiff] filed a Section 1447(b) action with the district court, this action is not moot." Id.

While § 1447(b) does not expressly state that district courts have exclusive jurisdiction once a § 1447(b) petition is filed, the statute's language and structure supports that conclusion. *See* Group Life & Health Ins. Co. v. Royal Drug Co., 440 U.S. 205, 210 (1979) ("[T]he starting point in any case involving the meaning of a statute is the language of the statute itself."). As the Bustamante court stated:

> The language of Section 1447(b) expressly states that, when a naturalization applicant requests a hearing before the district court on a pending application that USCIS has not decided for more than 120 days after the initial examination of the applicant, the court 'has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.'

6

582 F.3d at 406 (quoting 8 U.S.C. § 1447(b)). As the court further explained, "[i]f USCIS does not render a decision for more than 120 days after the initial examination, Section 1447(b) provides for judicial intervention at the election of the naturalization applicant. The authority granted to the district court by Section 1447(b)–to *'determine' the merits of the application or to 'remand' the application to USCIS*–establishes that a properly filed Section 1447(b) petition vests jurisdiction in the district court and divests USCIS of its jurisdiction to decide the application." Id. (emphasis added) (citation omitted).

Under § 1447(b), district courts have the option to either "determine the matter"–that is, decide the merits of the naturalization application–or remand the matter to USCIS with appropriate instructions. 8 U.S.C. § 1447(b). This power–to either decide the matter, or remand it–explains why district courts have exclusive jurisdiction once a § 1447(b) petition is filed. As the Bustamante court noted, "[i]t would be illogical, however, for Congress to vest the district court with jurisdiction 'to determine the matter' upon the filing of a Section 1447(b) petition . . . but permit USCIS to have simultaneous authority to decide the application." Id. (citations omitted). *See also* Etape, 497 F.3d at 383 ("Nothing in the statute suggests that Congress intended that an agency could subvert Congress' choice to vest the district court with jurisdiction to 'determine the matter' once an applicant files a timely § 1447(b) petition.") (quoting 8 U.S.C. § 1447(b)); Hovsepian, 359 F.3d at 1160 (*"How can the court 'determine the matter' if the INS [now the USCIS] has the option to 'determine the matter,' too, and essentially force the court to accept its view?* If Congress had intended . . . the INS to retain power to make a naturalization decision even after the district court acquires jurisdiction, why would the statute expressly give the district court the option to *decide* the matter?") (emphasis added). Simply put, a district court cannot "determine the matter" if USCIS

retained the same power.

The power to remand also suggests that district courts have exclusive jurisdiction once a § 1447(b) petition is filed. As the Bustamante court explained:

> By providing the district court with the option to 'remand the matter, with appropriate instructions, to [USCIS],' 8 U.S.C. § 1447(b), Congress intended that, after an applicant files a proper Section 1447(b) petition, USCIS would lack the authority to decide an application absent a remand. To read the statute otherwise . . . would render the 'remand' language in the statute meaningless.

582 F.3d at 406-07 (citations omitted). *See also* Etape, 497 F.3d at 384 ("[I]f we adopted the Government's view, a district court might not retain the power to issue *any* 'appropriate instructions' on remand–because the [US]CIS could strip the court of jurisdiction before the remand order became final."); Hovespian, 359 F.3d at 1160 ("If the INS [now the USCIS] already had the power 'to determine the matter' in the meantime, th[e] phrase ['remand the matter, with appropriate instructions, to the Service to determine the matter'] would be surplusage."). These two powers–the ability to decide the matter, or remand it–clearly demonstrates that district courts have exclusive jurisdiction once a § 1447(b) petition is filed. To reach the opposite conclusion would ignore the clear structure of the statute.

Based upon the well-reasoned opinions of Bustamante, Etape, and Hovespian, the Court holds that once a § 1447(b) petition is filed, USCIS is divested of jurisdiction to decide a naturalization application. Accordingly, Defendant's Motion to Dismiss [Doc. 10] is **DENIED**, whereby USCIS's denial of Plaintiff's naturalization application–which was made after the § 1447(b) petition was filed–is **VACATED**. Because USCIS's decision is vacated, Plaintiff's complaint is not moot.

### III. CONCLUSION

Based on the foregoing, the Court holds that USCIS did not have jurisdiction to decide Plaintiff's naturalization application after the § 1447(b) petition was filed. Accordingly, Defendants' Motion to Dismiss for Lack of Jurisdiction [Doc. 10] is **DENIED**, whereby USCIS's denial of Plaintiff's naturalization application is **VACATED**.

Of course, this does not end the Court's analysis. Once a § 1447(b) petition is properly filed, the Court has two options: it can either determine the matter itself, or remand the matter to USCIS with appropriate instructions. 8 U.S.C. § 1447(b). In the present case, the Court will **REMAND this matter to USCIS with appropriate instructions.**

Accordingly, this matter is **REMANDED** to USCIS, under the condition that USCIS adjudicates Plaintiff's naturalization application within sixty days of entry of this Memorandum and Order. If USCIS does not adjudicate Plaintiff's naturalization application within sixty days, Plaintiff may request a status conference. At that time, the Court will reassert jurisdiction.

**IT IS SO ORDERED**.

**ENTER:**

s/ Thomas W. Phillips
United States District Judge